IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.10-cv-128-JPG |
| | ) |
| LT. E. WAGONER, | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff, Anthony Gay, currently an inmate at the Tamms Correctional Center, filed a civil action seeking damages for violations of this constitutional rights and for various state law claims. He also filed a motion to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915.

    A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

    A review of court records on the U.S. PACER Case Locator, Civil Party Search, reveals that Plaintiff, while incarcerated, has had three or more prior prisoner actions dismissed, or partially

dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Gay v. Powers*, Case No. 98-772-GPM (S.D. Ill) (dismissed September 27, 2001, as frivolous and for failing to state a claim); *Gay v. Page*, Case No. 99-365-MJR (S.D. Ill.) (dismissed January 25, 2002, for failing to state a claim); *Gay v. Montgomery*, 99-366-GPM (S.D. Ill.) (dismissed January 10, 2000, as frivolous): *Gay v. Welbourne*, Case No. 00-029-GPM (S.D. Ill.) (dismissed November 17, 2000, as frivolous). Because Plaintiff has had three or more prior dismissals, he may not proceed *in forma pauperis* on appeal unless he is under imminent danger of serious physical injury.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to **prevent impending harms**, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

In the case at hand, Plaintiff's complaint alleges that he was maced for no reason by Defendant Wagoner on February 19, 2008. Thereafter, Plaintiff states that he was "placed on an unappetizing diet for four days." These events occurred approximately two years prior to Plaintiff commencing the instant action. Nothing in the complaint indicates that Plaintiff is facing a real, proximate, or impeding harm. Therefore, the Court finds that Plaintiff is not under imminent danger of serious physical injury.

Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. This action is **DISMISSED** without prejudice. All pending motions are **DENIED** as moot.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**Dated: July 13, 2010.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**